JUNTILLA *v.* CALUMET & HECLA MINING CO.[1]

SALES—ACTION FOR PRICE—CONCURRENT CONTRACTS—IDENTITY—
QUESTION OF FACT.

In an action for the price of railroad ties, the question whether
the ties in issue were furnished on a contract with a partner-
ship of which plaintiff was a member, and which had been
fully paid, or whether they were furnished by plaintiff alone
on an independent contract, *held,* under the evidence, to be a
question for the jury. GRANT, J., CARPENTER, C. J., and
HOOKER, J., dissenting.

Error to Houghton; Streeter, J. Submitted February
13, 1906. (Docket No. 144.) Decided September 20,
1906.

Assumpsit by Samuel Juntilla against the Calumet &
Hecla Mining Company for goods sold and delivered.
There was judgment for defendant on a verdict directed
by the court, and plaintiff brings error. Reversed.

*John Kiiskila* (*Burritt & Burritt,* of counsel), for
appellant.

*Chadbourne & Rees,* for appellee.

MOORE, J. The plaintiff brought suit to recover the
value of railroad ties which he claims to have sold and
delivered to the defendant. It was the claim of defend-
ant that it had a contract with one Ruonawara to deliver
to it ties, that afterwards this contract was assigned by
Ruonawara to S. Juntilla & Co., that the ties involved
in this controversy were delivered under the contract so as-
signed, that bills were rendered therefor in the name of
S. Juntilla & Co., that payments thereon were made for
a large amount, and that afterwards it was found that

---

[1] Rehearing denied December 17, 1906.

some of the ties were cut by trespass from the land of one Ryan, for which ties the defendant paid Ryan $375, which payment, added to the previous payment, overpaid Juntilla & Co. The circuit judge directed a verdict for defendant.

It was the claim of the plaintiff that the ties for which suit was brought were not delivered under the Ruonawara contract which was assigned to Juntilla & Co., but that the plaintiff alone was interested in the ties for which suit was brought. We think this presented a question of fact which should have been submitted to the jury.

Judgment is reversed, and new trial ordered.

McALVAY, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred with MOORE, J.

GRANT, J. (*dissenting*). I think the court correctly directed a verdict for the defendant. On October 15, 1897, the defendant gave an order to one Ruonawara for 8,500 ties. Ruonawara evidently accepted the order. On November 10, 1897, upon the back of this order he made an assignment absolute in form to S. Juntilla & Co., and S. Juntilla & Co. through their attorneys transmitted this order and assignment to the defendant, notifying it to pay all moneys accruing thereon to S. Juntilla & Co. The method of doing business was as follows: When any ties were delivered defendant sent a statement of the number to S. Juntilla & Co. S. Juntilla & Co. then rendered a bill for the amount due them, which the defendant paid. Ruonawara trespassed upon some land and cut a considerable number of ties therefrom. The owner of the land made a claim against the company. Negotiations were entered into, the amount of the trespass agreed upon, paid by the company, and deducted from the amount due S. Juntilla & Co. Of this plaintiff was aware. He subsequently claimed that the ties covered by this bill were not furnished upon the Ruonawara contract, but by him through other parties. He took no

steps to enforce this claim until he brought this suit, four days only before it would have been barred by the statute of limitations. Plaintiff gave no notice to the defendant that this transaction was his own, or that there was any dissolution of the partnership, and left the defendant the right to infer that it was dealing with the partnership. Deducting the amount paid for the trespass, S. Juntilla & Co. were paid in full. All the ties specified in the contract were not delivered. A part were delivered in the fall of 1897, and a part were delivered in the spring of 1898. Later another delivery was made and a bill rendered, dated July 20, 1898, for $863.87. The bill was rendered in the same manner as the others, in the name of S. Juntilla & Co., and the defendant was justified in treating it as a part of the Ruonawara contract and as a partnership transaction.

I do not think there was any question of fact to submit to the jury, and that the judgment should be affirmed.

CARPENTER, C. J., and HOOKER J., concurred with GRANT, J.